UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAY CHEN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.   24-01396 (UNA) |
| DISTRICT OF COLUMBIA *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff May Chen, appearing *pro se*, has filed a Complaint, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 2. For the following reasons, the court will grant the application and dismiss the case.

Chen, a District of Columbia resident, has sued the District of Columbia, California, and Maryland, seeking "criminal prosecution," other injunctive relief, and a "monetary penalty of $2850000000000000." Compl. at 4. Chen states, without any factual support, that "from 2012 to current, plaintiff sued the defendants court by court accusing" them of "vandalism, civil rights violation (housing and employment), discrimination," and other wrongs. *Id*.

Chen has not established that either California or Maryland has waived its immunity under the Eleventh Amendment, which generally immunizes states from suits filed against them in federal court.[1] Nor has Chen pleaded a basis for exercising jurisdiction over the District of

---

[1] The Eleventh Amendment to the U.S. Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court "long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer

Columbia. Even so, federal courts lack "power to entertain claims otherwise within their jurisdiction if," as here, "they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). Therefore, this case will be dismissed by separate order. *See Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).

Date: May 28, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge

---

only to suits by citizens of another State." *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 472 (1987).